UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VLADIMIR ERNESTO PRIETO-CORDOVA,<br><br>                    Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, et al.,<br><br>                    Respondents. | Case No.: 3:25-cv-2824-CAB-DDL<br><br>**ORDER GRANTING TEMPORARY RESTRAINING ORDER AND WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner Vladimir Ernesto Prieto-Cordova's petition for a writ of habeas corpus and motion for temporary restraining order. [Doc. Nos. 1, 2.] The parties filed briefings addressing both the petition and the motion.[1] [Doc. Nos. 5–6, 10–11, 13.] The Court finds this matter suitable for determination on the papers. *See* CivLR 7.1(d)(1). For the reasons described below, the Court **GRANTS** the writ of habeas corpus and the temporary restraining order.

///

///

---

[1] Petitioner has a pending motion for leave to file a sur-reply. [Doc. No. 13.] That motion is **GRANTED**. The Court considered the sur-reply in this order.

## I. BACKGROUND

In January 2022, Petitioner, a Venezuelan national, entered the United States without being admitted, paroled, or inspected. [Doc. No. 11 at 2.] He was apprehended by U.S. Border Patrol agents and transferred into Immigration and Customs Enforcement ("ICE") custody. [*Id.*] In February 2022, Petitioner was released from custody on an order of release on recognizance under 8 U.S.C. § 1226. [*Id.*] Petitioner was subject to various conditions, none of which Respondents allege he has violated. [Doc. No. 11-1 at 14–16.] In January and April 2023, Petitioner filed an asylum application and amended asylum application, respectively. [Doc. No. 10 at 3, 11.] Petitioner was formerly the head coach of Venezuela's national fencing team and currently works as a fencing coach for the University of California, San Diego. [Doc. No. 1 at 13–14, 70.] On October 9, 2025, Petitioner reported to ICE for an interview but was instead detained pursuant to 8 U.S.C. § 1225(b)(2). [Doc. No. 1 at 3–4; Doc. No. 5 at 2.] Petitioner alleges that his detention violates the Due Process Clause of the Fifth Amendment because he had a liberty interest after being initially released and was provided no notice before being re-detained. [*E.g.* Doc. No. 1 at 19.]

## II. LEGAL STANDARD

The legal standard for issuing a TRO is essentially identical to the standard for issuing a preliminary injunction. *See Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Under the *Winter* standard, a party is entitled to a preliminary injunction if he demonstrates (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A party must make a showing on all four prongs. *See A Woman's Friend Pregnancy Res. Clinic v. Becerra*, 901 F.3d 1166, 1167 (9th Cir. 2018).

A writ of habeas challenges the legality of petitioner's custody and seeks to secure release from that illegal custody. Under 28 U.S.C. § 2241, a district court may grant a writ

of habeas corpus when the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." The petitioner bears the burden of demonstrating that he is in illegal custody. *See Martinez v. Noem*, No. 25-CV-2740-BJC-BJW, 2025 WL 3171738, at *2 (S.D. Cal. Nov. 13, 2025).

### III.   DISCUSSION

#### A.   Likelihood of Success on the Merits

The Due Process Clause of the Fifth Amendment provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. "Freedom from imprisonment—from government custody, detention, or other forms of physical restrain—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). This protection applies to aliens as it does U.S. citizens. *See Wong Wing v. United States*, 163 U.S. 228, 238 (1896) ("[E]ven aliens shall not . . . be deprived of life, liberty, or property without due process of law.").

"Courts have previously found that individuals released from immigration custody on bond have a protectable liberty interest in remaining out of custody[.]" *Valencia Zapata v. Kaiser*, No. 25-CV-07492-RFL, 2025 WL 2578207, at *3 (N.D. Cal. Sept. 5, 2025) (listing cases). Indeed, "the government's decision to release an individual from custody creates an implicit promise, upon which that individual may rely, that their liberty will be revoked only if they fail to live up to the conditions of release." *Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) (cleaned up) (internal quotation marks omitted) (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

In *Valencia Zapata*, the Northern District of California granted a TRO for a group of aliens who were detained by U.S. immigration officials, released on their own recognizance, and then re-detained by ICE without explanation. 2025 WL 2578207, at *2. The court held that the petitioners had a protectable liberty in remaining out of custody and thus had to be given notice and a hearing prior to being taken back into custody. *Id.* at *3. The operative facts here are identical. Petitioner was apprehended by immigration officials, released on his own recognizance, and then re-detained without notice or a

hearing, which violates the due process to which he is entitled.  The Court finds Petitioner will likely succeed on the merits of his claim.  *See Pinchi*, 792 F. Supp. 3d at 1036 (finding likelihood of success where petitioner was released on her own recognizance then re-detained by ICE agents without notice nor pre-detention hearing).

### B. Irreparable Harm

Petitioner is likely to face irreparable harm without relief.  "It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Hernandez v. Session*, 872 F.3d 976, 994 (9th Cir. 2017) (internal quotation marks omitted).  As Petitioner's detention without notice nor a hearing is likely unconstitutional, he carries his burden as to irreparable harm.  *See id.* at 995; *see also Valencia Zapata*, 2025 WL 2578207, at *3.

### C. Balance of Equities; Public Interest

The final two *Winter* factors, which merge when the government is the nonmoving party, weigh in Petitioner's favor.  *Baird v. Bonta*, 81 F.4th 1036, 1040 (9th Cir. 2023). "[T]he public has a strong interest in upholding procedural protections against unlawful detention." *Vargas v. Jennings*, No. 20-CV-5785-PJH, 2020 WL 5074312, at *4 (N.D. Cal. Aug. 23, 2020).  And it "is always in the public interest to prevent the violation of a party's constitutional rights." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012). As to the balance of equities, the government is not "harmed in any legally cognizable sense by being enjoined from constitutional violations." *Zepeda v. U.S. Immigr. & Nat. Serv.*, 753 F.2d 719, 727 (9th Cir. 1983).  Like other courts have concluded under similar circumstances, "the potential harm to [Petitioner] is significant, while the potential harm to the government is minimal." *Valencia Zapata*, 2025 WL 2578207, at *4.

### IV. CONCLUSION

As Petitioner has satisfied all TRO requirements and demonstrated that his detention is unlawful under the Due Process Clause of the Fifth Amendment, the Court **GRANTS** both the TRO and the writ for habeas corpus.  Respondents are **ORDERED** to immediately release Petitioner from custody under the same conditions as his order of release on

recognizance. Respondents are further **ENJOINED** from re-detaining him for any purpose without notice and a pre-detention hearing before a neutral decisionmaker.

It is **SO ORDERED**.

Dated:  November 19, 2025

_____
Hon. Cathy Ann Bencivengo
United States District Judge